[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 15, 2010
JOHN LEY
CLERK

No. 10-12588
Non-Argument Calendar

_____

D.C. Docket No. 0:08-cr-60143-JIC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDIN MAURICIO MARTINEZ,
a.k.a. Jessy Rivera,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 15, 2010)

Before TJOFLAT, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

Defendant-appellant Edin Mauricio Martinez entered the United States

illegally in 1998.  In 2005, he was convicted of lewd or lascivious molestation and deported back to Honduras.  The following year, he returned to the United States. After he was convicted of committing another sexual offense, he was sentenced in state court to thirteen years' imprisonment.  He was then charged with and pleaded guilty in federal court to illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2).

The district court calculated Martinez's advisory guideline range, applying a base offense level of 8 under U.S.S.G. § 2L1.2, with a 16-level enhancement due to his prior conviction for lewd or lascivious molestation.  With a 3-level reduction for acceptance of responsibility, the total offense level was 21.  Martinez had a lengthy criminal history, which yielded a criminal history category of IV. The resulting guidelines range was 57 to 71 months' imprisonment.

Martinez objected to the calculations, arguing first that the statutory maximum term of imprisonment for his offense was two years under § 1326(a) because his prior conviction had not been charged in the indictment or proven to a jury.  He conceded that his argument failed under *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).  He also argued that his federal sentence should run concurrently with the state-court sentence he was serving.

The court rejected these arguments and sentenced Martinez to 57 months'

imprisonment to run consecutively to his state sentence. The court stated that it had "considered the statements of all parties, the presentence investigation report which contains the advisory guidelines as well as the statutory factors set forth in 18 United States Code Section 3553(a)."

Martinez now appeals, arguing that his prior conviction is an element of the federal crime that should have been pleaded in his indictment, and thus his sentencing enhancement is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Martinez also argues that his consecutive 57-month sentence was substantively unreasonable.

I. Prior Convictions

We review *de novo* constitutional challenges to an indictment. *United States v. Clay*, 376 F.3d 1296, 1300 (11th Cir. 2004). Section 1326(b)(2) of Title 8 is not a separate crime from 8 U.S.C. § 1326(a); rather, § 1326(b)(2) is a "penalty provision." *Almendarez-Torres*, 523 U.S. at 226. As such, the government is not required to list a defendant's prior aggravated felony as an element of the crime in an indictment. *Id.* at 226-27. As Martinez concedes, *Almendarez-Torres* has not been overruled and thus remains the law in this circuit. *See, e.g.*, *United States v. Beckles*, 565 F.3d 832, 846 (2009), *cert. denied*, 130 S.Ct. 272 (2009). Therefore, the district court did not err in sentencing Martinez

to more than the two-year statutory maximum of 8 U.S.C. § 1326(a).

II. Reasonableness

We review the reasonableness of a sentence under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). Under this standard, we will affirm the sentence unless we "find that the district court has made a clear error of judgment." *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (*en banc*).

The district court is required to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in" 18 U.S.C. § 3553(a)(2). 18 U.S.C. § 3553(a). These purposes include the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from the defendant's future criminal conduct, and provide the defendant with needed educational or vocational training or medical care. *Id.* § 3553(a)(2). The court must also consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

We determine whether a sentence was substantively reasonable by examining the sentence in light of the record and the § 3553(a) factors. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). We expect a sentence within the guideline range to be reasonable. *United States v. Alfaro-Moncada*, 607 F.3d 720, 735 (11th Cir. 2010). The reasonableness of a sentence may also be indicated when the sentence imposed was well below the statutory maximum sentence. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008), *cert. denied*, 129 S.Ct. 2848 (2009). "The party challenging a sentence has the burden of establishing that it was unreasonable." *United States v. Snipes*, 611 F.3d 855, 872 (11th Cir. 2010).

Upon review, we conclude that Martinez's 57-month sentence is reasonable. This sentence represented the lowest sentence within the applicable guideline range, and we ordinarily expect such a sentence to be reasonable. *Alfaro-Moncada*, 507 F.3d at 735. Martinez's sentence was also well below the 20-year statutory maximum penalty for 8 U.S.C. § 1326(b)(2), further indicating that it was a reasonable sentence. *See Gonzalez*, 550 F.3d at 1324. Martinez has not shown that his sentence was substantively unreasonable. Accordingly, we **AFFIRM** the sentence as reasonable.

We note, however, that Martinez's judgment misstates his offense as 18

5

U.S.C. § 1326(a).  As listed in the indictment, the correct offense is 8 U.S.C.

§ 1326(a).  We therefore remand for the correction of this clerical error.

**SENTENCE AFFIRMED; REMANDED FOR CORRECTION OF A**

**CLERICAL ERROR.**